# In the United States Court of Federal Claims

No. 09-460L

(Filed: March 23, 2011)

| | |
|---|---|
| DOUGLAS R. BIGELOW TRUST, JAMIE MORTENSON, Trustee, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> THE UNITED STATES, <br><br> Defendant. | * <br> * Takings – rails-to-trails; Motion to certify <br> * class action; RCFC 23; Numerosity; Putative <br>   class of twenty-five adequate to meet <br> * numerosity requirement; Other requirements <br> * for class certification satisfied; Class defined <br>   and certified. <br> * <br> * |

**ORDER**

*Mark Fernlund Hearne, II,* Arent Fox, LLP, Clayton, MO, for plaintiffs.

*Joseph Nathanael Watson,* Environment and Natural Resources Division, United States Department of Justice, Washington, D.C., with whom was Assistant Attorney General *Ignacia S. Moreno*, for defendant.

**ALLEGRA, Judge:**

Pending before the court is plaintiffs' motion to certify this matter as a class action pursuant to RCFC 23. The court deems full oral argument on this motion unnecessary.[1] For the reasons that follow, this court holds that this matter is properly certified as a class action.[2]

---

[1] On March 17, 2011, the court conducted a brief status conference regarding the pending motion, at which the parties (principally, defendant's counsel) responded to several questions concerning the merits of class certification. The primary purpose of the conference, however, was to determine whether defendant was proceeding with its objection to plaintiffs' motion. And defendant confirmed that was the case.

[2] In its opposition to plaintiffs' motion, defendant initially claimed that the addition of certain class members' claims would be time-barred under the six-year limitations period specified in 28 U.S.C. § 2501. In *Bright v. United States*, 603 F.3d 1273 (Fed. Cir. 2010), however, the Federal Circuit held that when a class action complaint is filed with this court within the time period specified by section 2501, and certification is sought prior to expiration of that period, putative members of a class are permitted to opt into a case under RCFC 23 after the

This case involves a railroad corridor or right-of-way that runs between milepost 40 in Alma, Michigan, and milepost 45.5 in Elwell, Michigan, a distance of approximately 5.5 miles (the Railroad Line). On July 7, 2009, the named plaintiffs filed a complaint against the United States in this court for themselves and on behalf of a proposed group or "class" of similarly situated property owners. The lawsuit alleges that the Surface Transportation Board (STB) issued a Notice of Interim Trail Use (NITU) concerning the Railroad Line that authorized the railroad company previously operating the line – formerly operated by Mid-Michigan Railroad, Inc. (MMRR) – to enter into a railbanking agreement with Heartland Trail. The lawsuit alleges that the STB's issuance of the NITU interfered with property interests recognized under Michigan law and, therefore, constitutes a taking of private property for public use pursuant to the Fifth Amendment of the United States Constitution.

Class actions are "an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 155 (1982) (quoting *Califano v. Yamasaki*, 442 U.S. 682, 700-01 (1979)). Rule 23, as amended through January 11, 2010, provides as follows regarding the certification of class actions:

> (a) **Prerequisites.** One or more members of a class may sue as representative parties on behalf of all members only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.
>
> (b) **Class Actions Maintainable.** A class action may be maintained if RCFC 23(a) is satisfied and: (1) [not used]; (2) the United States has acted or refused to act on grounds generally applicable to the class; and (3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include: (A) the class members' interests in individually controlling the prosecution of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by class members; (C) [not used]; and (D) the likely difficulties in managing a class action.

As this court has oft-noted, the requirements of RCFC 23(a) and (b) can be grouped into five categories: (i) **numerosity** – a class so large that joinder is impracticable; (ii) **commonality** – in terms of the presence of common questions of law or fact, the predominance of those questions, and the treatment received by the class members at the hands of the United States; (iii) **typicality** – that the named parties' claims are typical of the class; (iv) **adequacy** – relating to fair

---

expiration of the limitations period. In light of *Bright*, defendant was forced to withdraw its statute of limitations argument.

representation; and (v) **superiority** – that a class action is the fairest and most efficient way to resolve a given set of controversies. *Barnes v. United States*, 68 Fed. Cl. 492, 494 (2005); *see also Adams v. United States*, 93 Fed. Cl. 563, 570 (2010). These requirements are in the conjunctive; hence, the failure to satisfy any one of them is fatal to a class certification. *See Testwuide v. United States*, 56 Fed. Cl. 755, 761 (2003); *see also Falcon*, 457 U.S. at 161 (making this observation as to the analogous Federal Rule of Civil Procedure).[3]

It remains to apply the requirements of RCFC 23 to the facts in this case. Plaintiffs bear the burden of establishing that their action satisfies these requirements. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613-14 (1994); *Barnes*, 86 Fed. Cl. at 495. For this purpose, the court must assume the truth of the factual assertions contained in the complaint. *East Texas Motor Freight Sys., Inc. v. Rodriguez*, 431 U.S. 395, 405-06 (1977).

First, as to numerosity, every indication is that the class in question, which, according to plaintiffs, "likely exceeds 25 or more members," is numerous enough that "joinder of all members is impracticable." RCFC 23(a)(1). RCFC 20(a) imposes two distinct requirements for such joinder: (i) a right to relief must be asserted by, or against, each plaintiff or defendant, relating to or arising out of the same transaction or occurrence, and (ii) some question of law or fact common to all the parties will arise in the action. "'Both of these requirements must be satisfied in order to sustain joinder under RCFC 20(a),' this court has stated, 'for if one or the other is not met, the parties are improperly joined.'" *Barnes*, 68 Fed. Cl. at 495 (quoting *Franconia Assocs. v. United States*, 61 Fed. Cl. 335, 336 (2004)). In the case *sub judice*, plaintiffs' claims, as well as those of the putative class, do not meet the transactional test of RCFC 20(a), requiring that the right to relief arise out of the "same" transaction or occurrence. In the context of RCFC 20(a), "same" does not mean "similar." *Franconia*, 61 Fed. Cl. at 337 ("well-known canons of construction suggest that the term 'same' must be construed consistently [in this court's rules], with the result that the term in the latter rule cannot mean 'similar'").[4] While RCFC 23(a)(1) requires that joinder only be impracticable, not impossible, the latter is the case here.

---

[3] By way of guidance, the Committee Notes accompanying RCFC 23 indicate that, "[i]n the main," the rule adopts the criteria for certifying and maintaining a class action set forth in *Quinault Ass'n v. United States*, 453 F.2d 1272 (Ct. Cl. 1972). However, to the extent that a direct conflict arises between *Quinault* and RCFC 23, RCFC 23 controls. *See* RCFC 83(a); *see also Fauverque v. United States*, 86 Fed. Cl. 82, 96 n.13 (2009), *rev'd on other grounds sub nom. Bright v. United States*, 603 F.3d 1273 (Fed. Cir. 2010); *Barnes*, 68 Fed. Cl. at 495.

[4] On brief, defendant asserted that the parties in question could be joined in a single action. At the status conference held on March 17, 2011, however, defendant backed away from this claim, apparently recognizing that cases such as this do not meet the transactional test of RCFC 20(a). *See Land Grantors in Henderson, Union & Webster Counties, Kr. v. United States*, 71 Fed. Cl. 614, 622-23 (2006); *Filosa v. United States*, 70 Fed. Cl. 609, 615-16 (2006); *Barnes*, 68 Fed. Cl. at 495; c*f. Rasmuson v. United States*, 91 Fed. Cl. 204 (2010).

Still, defendant argues that certification is inappropriate because twenty-five claimants, in its view, is too small of a class. But, the court is not persuaded by defendant's nose-counting exercise, which, in the court's view, marks a departure from positions defendant recently took in other cases in which it has stipulated to the certifications of relatively small classes.[5] Contrary to defendant's apparent view, "'there is no magic number, that once attained, triggers a presumption of numerosity.'" *Singleton v. United States*, 92 Fed. Cl. 78, 83 (2010) (quoting *Rasmuson*, 91 Fed. Cl. at 216). Rather, "[t]he numerosity requirement requires examination of the specific facts of each case and imposes no absolute limitations." *Gen. Tel. Co. of the Nw., Inc.*, 446 U.S. at 330. Among other things, courts have looked to whether proposed members of the class effectively would be able to pursue remedies on an individual basis. *See Phillips v. Jt. Legislative Comm. on Performance & Expenditure of the State of Miss.*, 637 F.2d 1014, 1022 (5th Cir. 1981); *Singleton*, 92 Fed. Cl. at 78; 7A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Fed. Prac. & Proc. § 1762 (3d ed. 2005). Where courts have found that the costs of litigation threaten to overwhelm the pursuit of smaller claims, they have certified classes of sizes comparable to that anticipated here.[6] On brief, plaintiffs indicate some of the potential class

---

[5] On the undersigned judge's docket alone, defendant has stipulated to the certification of like-sized classes in three other rails-to-trails cases. *See Burgess v. United States,* No. 09-242L (stipulating to class certification in a case involving thirty-three class members); *Carolina Plating v. United States*, No. 09-152L (stipulating to class certification in a case involving forty-eight class members); *McClurg v. United States*, No. 10-156L (stipulating to class certification in a case involving forty-four class members). During the March 17, 2011, status conference, defendant asserted that this case is different because of the diversity of the property interests held by the putative class members. But, there is no indication that this is the case – indeed, defendant did not make this point in its written opposition to the motion. Instead, it claimed that numerosity is lacking because the properties at issue are geographically proximate – but, of course, that is true of every rails-to-trails case. Moreover, defendant's concerns regarding the difficulty of having diverse property interests be considered in a class action seem odd, given that (i) it initially suggested that this case proceed as a multiple party action under RCFC 20; and (ii) it has agreed to class certifications in cases with potentially hundreds of parties, in which the diversity of the property interests presumably was much greater. As to the latter point, s*ee Janssen v. United States*, 2010 WL 697343 (Fed. Cl. Feb. 24, 2010) (where defendant agreed to the certification of a potential class of 170); *Haggart v. United States*, 89 Fed. Cl. 523 (2009) (where defendant agreed to the certification of a potential class of 750).

[6] *See, e.g.*, *Rannis v. Recchia*, 380 Fed. Appx. 646, 651 (9th Cir. 2010) (upholding class of twenty); *Ark. Educ. Ass'n v. Bd. of Educ.*, 446 F.2d 763, 765-66 (8th Cir. 1971) (same); *Cypress v. Newport News Gen. & Nonsectarian Hosp. Ass'n*, 375 F.2d 648, 653 (4th Cir. 1967) (upholding class of eighteen); *Hill v. Butterworth*, 170 F.R.D. 509, 514 (N.D. Fla. 1997), *remanded on other grounds*, 133 F.3d 783 (11th Cir. 1997) (certifying class of thirty-five); *Colston v. Md. Cup Corp.*, 1978 WL 153, at *3 (D. Md. 1978) (certifying class of twenty-five); *Crenshaw v. Maloney*, 1976 WL 13311 (D. Conn. 1976) (certifying class of sixteen); *Phila. Elec. Co. v. Anaconda Am. Brass Co.*, 43 F.R.D. 452, 463 (E.D. Pa. 1968) ("While 25 is a small number compared to the size of the other classes being considered, it is a large number when compared to a single unit. I see no necessity for encumbering the judicial process with 25 lawsuits, if one will do.").

members own relatively small parcels of land, such that any potential recovery here would like be exceeded by the litigation costs associated with litigating such matters on an individual basis. Defendant does not contest this assertion. It seems, then, that forcing these property owners to pursue their cases individually likely means that they will not pursue them at all. Based on this concern and because joinder under RCFC 20 is impossible here, numerosity, as required by RCFC 23(a)(1), is satisfied.

Regarding commonality, RCFC 23(a)(2) requires that there be questions of fact or law common to the class, and those questions must "predominate" over questions affecting only individual members under RCFC 23(b)(2). Commonality does not require that the individual class members be identically situated; rather, the questions underlying the claims must share essential characteristics so that their resolution will advance the overall case. *See Barnes*, 68 Fed. Cl. at 496. Defendant does not dispute that all plaintiffs' claims arise from the defendant's issuance of a single NITU. As a result, all plaintiffs share the same core legal question: did a Fifth Amendment taking occur when the NITU issued on July 29, 2003. *See Fauvergue*, 86 Fed. Cl. at 100. And, although plaintiffs may be entitled to different amounts of just compensation, if awarded, the decision would be based on the same core facts and legal issues. *See Curry v. United States*, 81 Fed. Cl. 328, 334 (2008) ("factual variation among the class grievances is acceptable as long as a common nucleus of operative fact exists").

Typicality requires that "the named plaintiff's claim and the class are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Barnes*, 68 Fed. Cl. at 498. The threshold for plaintiffs to overcome is not high, and even if some factual differences exist, typicality can be established by showing that the "named representatives' claims share the same essential characteristics as the claims of the class at large." *Curry*, 81 Fed. Cl. at 335. In the case *sub judice*, the claims of the named plaintiffs appear to be typical of those in the described class; again, all claims derive from ownership of land subject to the July 29, 2003, NITU. *See Singleton*, 92 Fed. Cl. at 85. Although the amount of just compensation may differ between the named plaintiffs and those in the class, this difference does not negate a finding of typicality. *See Barnes*, 68 Fed. Cl. at 499.

The penultimate requirement of RCFC 23, adequate representation, requires a certified class to be "fairly and adequately represented" by class counsel. RCFC 23(a)(4). In making this evaluation, the court must consider whether (i) class counsel is "qualified, experienced and generally able to conduct litigation," and (ii) class members have "interests that are antagonistic to one another." *Barnes*, 68 Fed. Cl. at 499. Defendant does not dispute plaintiffs' satisfaction of either factor. As to the adequacy of counsel, plaintiffs note that their lead attorney has twenty years of litigation experience, including representing property owners in twelve rails-to-trails taking cases. And, there is no claim that the plaintiffs in this action have interests that are antagonistic to those of the class. Accordingly, this court finds that this requirement is also met.

The final requirement, superiority, is met when "a class action would achieve economies of time, effort, and expense, and promote the uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." Fed. R. Civ. P. 23 advisory committee's note (1966 amendment, subdivision (b)(3)). Essentially,

under this prong of analysis, the court is obligated to conduct a cost/benefit analysis, weighing any potential problems with the manageability or fairness of a class action against the benefits to the system and the individual members likely to be derived from maintaining such an action. *See Barnes*, 68 Fed. Cl. at 499. Here, the cost/benefit analysis tips in favor of class certification. Litigating all putative class members' claims in one action will achieve economies of scale in time, effort and expense because "[a]ll plaintiffs are affected by the same NITU, the defenses the government will likely use in response to plaintiffs' claims should be identical, and the law which the court will apply to resolve plaintiffs' claims should also be identical." *Singleton*, 92 Fed. Cl. at 86.[7]

Based upon the foregoing, the court hereby determines that this case may be maintained as a class action and **GRANTS** plaintiffs' motion to certify. The plaintiffs' class shall consist of persons who meet the following requirements:

> All persons who had a fee simple, reversionary or other compensable interest in lands constituting part of the railroad or right-of-way on which a rail line was formerly operated by the Mid-Michigan Railroad, Inc. in Gratiot County, Michigan and who claim a taking of their rights to possession, control, and enjoyment of such lands due to the operation of the railbanking provisions of the National Trails System Act (NTSA), 16 U.S.C. § 1247(d). The segment of the subject right-of-way at issue is described as located between milepost 40 in Alma, Michigan to milepost 45.4 in Elwell, Michigan. The segment was also the subject of a Notice of Interim Trail Use issued on July 29, 2003, by the Surface Transportation Board pursuant to the NTSA and its implementing regulations. Excluded from the class are railroad companies and their successors in interest; persons who have filed, intervened, or choose to intervene or opt in to separate lawsuits against the United States for compensation for the same interests in land; and persons who are judges and justices of any court in which this action may be adjudicated or to which it may be appealed.

On or before April 25, 2011, the parties shall file a joint status report indicating how this case should proceed, including a proposed plan for meeting the notice requirements of RCFC 23(c).

**IT IS SO ORDERED.**

s/ Francis M. Allegra
Francis M. Allegra
Judge

---

[7] In many ways defendant's written opposition is more notable for what it does not say – therein, defendant objects based only on numerosity grounds and chose not to argue that the other four requirements under RCFC 23(a) are unsatisfied. Most notably, defendant has not claimed that the pursuit of a class action here would be less efficient than pursuing the claims represented here in individual or consolidated actions.