# In The United States Court of Federal Claims

No. 09-460L

(Filed: March 8, 2013)

_____

DOUGLAS R. BIGELOW TRUST,
JAMIE MORTENSON, *et al.*,
On behalf of themselves and all other
similarly situated persons,

                Plaintiffs,

        v.

THE UNITED STATES,

                Defendant.

_____

**ORDER**

_____

On November 19, 2012, this court issued an opinion denying plaintiffs' motion for partial summary judgment and granting defendant's cross-motion for partial summary judgment. In that opinion, the court held that there was no takings of one of the parcels at issue, that owned by Mary Lou Brady. On January 9, 2013, plaintiffs filed a motion to sever Ms. Brady's claim under RCFC 21. On January 28, 2013, defendant filed its response to plaintiffs' motion, suggesting that a better route would be to enter judgment on Ms. Brady's claim under RCFC 54(b).

The court believes that defendant is correct that the proper rule at issue here is RCFC 54(b). In granting final judgment under that rule, the court must exercise its discretion "in the interest of sound judicial administration," taking into account "judicial administrative interests as well as the equities involved." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980); *see also Intergraph Corp. v. Intel Corp.*, 253 F.3d 695, 699 (Fed. Cir. 2001). These same principles apply in class actions. *See Adams v. United States*, 51 Fed. Cl. 57 (2001).

Based on its review of this matter, the court concludes that the sound administration of this case would not be promoted by issuing a separate judgment under RCFC 54(b) at this time. Accordingly, plaintiffs' motion, as modified by defendant's response, is hereby **DENIED**.

      **IT IS SO ORDERED.**

                                                    s/ Francis M. Allegra
                                                    Francis M. Allegra
                                                    Judge